UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Civil Case Number: _____

Terry Bodin,

                Plaintiff,

vs.

Enhanced Recovery Company, LLC; and
DOES 1-10, inclusive,

                Defendants.

FILED (stamp): CLERK, U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE, FLORIDA, 6-10-13

3:13-cv-664-J-32JBT

## COMPLAINT

For this Complaint, the Plaintiff, Terry Bodin, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Terry Bodin ("Plaintiff"), is an adult individual residing in Southwest Alexandra, Minnesota, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

12. Beginning on or around March 2013, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. At all times referenced herein, Defendants placed calls to Plaintiff's cellular telephone in an attempt to collect a debt owed by a person other than Plaintiff named "Jaime" (the "Debtor").

14. Defendants always placed calls to Plaintiff's cellular telephone by means of an automated telephone dialer system ("ATDS") with an artificial or prerecorded voice.

15. When Plaintiff answered the calls from Defendants, he heard a prerecorded message which indicated that Defendants were attempting to reach the Debtor.

16. On or about March 7, 2013, Plaintiff waited on hold to speak with a live representative of Defendants, as their ATDS calls never gave Plaintiff an opt-out option to utilize.

17. Plaintiff advised Defendants that he did not know of any person named "Jaime" and that Defendants were calling the wrong telephone number.

18. Furthermore, Plaintiff demanded that Defendants cease calls to his cellular telephone number.

19. Defendants responded that they would take Plaintiff's cellular telephone number out of their system.

20. Despite the above, Defendants continued to place ATDS calls to Plaintiff's cellular line in an attempt to seek the Debtor.

21. Plaintiff never provided his cellular telephone number to Defendants or the Creditor and never provided his consent to Defendants or the Creditor to be contacted on his cellular telephone.

### C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32.     Defendants placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

33.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Florida further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Florida state law.

38. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to his cellular line, after notification that they were calling the wrong number.

39. The telephone calls made by the Defendants to the Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

6. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2013

Respectfully submitted,

By  /s/ *Patricia Montes de Oca*

Patricia Montes de Oca, Esq.
Florida Bar No. 519812
2655 Le Jeune Road, Fifth Floor
Coral Gables, Florida 33134
Telephone: (305) 501-0085
Facsimile: (855) 953-6237
pmontesdeoca@montesdeocalemberg.com